I respectfully dissent from the majority's decision holding that plaintiff has shown that he suffers from compensable bilateral carpal tunnel syndrome. The majority has found that both Dr. Lehman and Dr. VanDerNoord testified that plaintiff's job with defendant-employer placed him at an increased risk of developing carpal tunnel syndrome as compared to the general public and that plaintiff's job more likely than not caused him to develop carpal tunnel syndrome. I respectfully disagree with these findings and, based on the testimony of Drs. Lehman and VanDerNoord, believe that plaintiff has failed to prove every element of compensability for this occupational disease claim.
Neither Dr. Lehman nor Dr. VanDerNoord's testimony that plaintiff's job placed him at an increased risk for developing carpal tunnel syndrome is competent. It is clear from a review of both doctors' testimony that they did not have a complete understanding of plaintiff's job duties and whether any of the hand movements plaintiff was required to do involved awkward wrist flexion or repetitive use of the hands and wrists that would be likely to cause carpal tunnel syndrome. Without a detailed or accurate understanding of plaintiff's job duties to base their opinions on, the physicians' statements supporting plaintiff's claim are not competent.
Further, neither Dr. Lehman nor Dr. VanDerNoord's testimony regarding causation is competent. Plaintiff was not working from September 2003 until December 2003 due to a voluntary lay-off. Plaintiff worked for six weeks and then went out of work on February 11, *Page 8 
2004 due to a cervical injury. Plaintiff was not diagnosed with carpal tunnel syndrome until October 2004. Dr Lehman testified that there was no way to know how long the compression on the median nerve had been present and there was no way to know whether that compression existed more than eight months prior when plaintiff was still working for defendant-employer. Dr. VanDerNoord testified that the break in employment would affect his opinion regarding causation. These facts render the opinions regarding causation speculative.
For these reasons, I believe the Order of Deputy Commissioner Harris should be reversed and plaintiff's claim should be denied.
S/________________________ DIANNE C. SELLERS COMMISSIONER *Page 1